UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
RAMONE BRANKER,

                              Plaintiff,

- against -

CITY OF NEW YORK,
POLICE OFFICER WILLIAM SANCHEZ,
POLICE OFFICER RONNY VALDEZ,
POLICE OFFICER JOHN DOE(S) #'s 1-2,

                              Defendants.
------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**13 Civ. 8371 (ALC) (MHD)**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

      Plaintiff, RAMONE BRANKER, by his attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff, RAMONE BRANKER, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about May 21, 2012, at approximately 3:15 a.m., Plaintiff was traveling in a vehicle near the intersection of Third Avenue and Fordham Road when he was pulled over by Defendants. Plaintiff was assaulted and falsely arrested by Defendants including, but not limited to, POLICE OFFICER WILLIAM SANCHEZ and POLICE OFFICER RONNY VALDEZ. It is alleged that Defendants falsely arrested Plaintiff in violation of his constitutional rights, and used excessive force in effectuating his arrest. As a result of the excessive force used by Defendants, Plaintiff suffered physical and mental injuries.

### II. JURISDICTION

1

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3.  Plaintiff RAMONE BRANKER, at all times relevant hereto, resided at 125 West 188th Street, in the County of Bronx, and in the City and State of New York.

4.  Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.  Defendant POLICE OFFICER WILLIAM SANCHEZ (Tax ID: 008651) (hereinafter "SANCHEZ") was an NYPD police officer with the Patrol Borough Bronx Task Force Police Precinct, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of City of New York and within the scope of their employment.

6.  Defendant POLICE OFFICER RONNY VALDEZ (Tax ID: 008711) (hereinafter "VALDEZ") was an NYPD police officer with the Patrol Borough Bronx Task Force Police Precinct, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of City of New York and within the scope of their employment.

7. Defendants POLICE OFFICER JOHN/JANE DOE(S) #'s 1-2 were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of City of New York and within the scope of their employment.

8. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

9. On or about May 21, 2012, at approximately 3:15 a.m., Plaintiff, RAMONE BRANKER, was with his friend in a vehicle near 3rd Avenue and 188th Street.

10. Defendants, POLICE OFFICER WILLIAM SANCHEZ and POLICE OFFICER RONNY VALDEZ pulled Plaintiff's vehicle over and asked Plaintiff and his friend to exit the vehicle.

11. Plaintiff asked why he was pulled over and he was cursed at and threatened by Defendants.

12. Plaintiff exited the vehicle and was slammed against the frame of the vehicle while Defendant officers illegally searched the vehicle even though Plaintiff did not give them consent.

13. Defendants found a sealed bottle of alcohol on the floor of rear seat, opened it and poured some out on the street.

14. Plaintiffs opposed the opening of the bottle and told Defendants that they were wrong to open it.

15. Defendants slam Plaintiff and his friend against the car again while Defendants shout at and threaten them.

16. Plaintiff is violently grabbed by Defendants and dragged to the rear of the vehicle where he's slammed on the ground.

17. Defendants get rope from the police vehicle and begin tying Plaintiff's hands and feet together, while punching and hitting with batons.

18. Defendants throw Plaintiff in the back of the police vehicle, and intentionally slam his leg with the car door approximately five times causing injury.

19. Plaintiff was brought to the precinct and held before being transported to Lincoln Hospital Center for his injuries.

20. Plaintiff was charged with operating a motor vehicle under the influence of alcohol, all charges were dismissed after two court appearances.

21. That on or around the 3rd day of July, 2012, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the City of New York; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

22. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to City of New York for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
**Pursuant to §1983 (FALSE ARREST)**

4

23. Paragraphs 1 through 22 of this complaint are hereby re-alleged and incorporated by reference herein.

24. That Defendants, POLICE OFFICER WILLIAM SANCHEZ, POLICE OFFICER RONNY VALDEZ AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-2, had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately 24 hours.

25. That in detaining Plaintiff for approximately 24 hours, and without a fair and reliable determination of probable cause, Defendants abused their power and authority as New York City Police Officers acting under the color of State and/or local law.

26. By reason of Defendants acts and omissions, Defendants subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

28. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference herein.

29. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

30. That Defendants intended to confine Plaintiff.

31. That Plaintiff was conscious of the confinement and did not consent to it.

32. That the confinement was not otherwise privileged.

33. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

34. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

35. Paragraphs 1 through 34 are hereby re-alleged and incorporated by reference herein.

36. That the incident that resulted from the intentional application of physical force by Defendants, POLICE OFFICER WILLIAM SANCHEZ and POLICE OFFICER RONNY VALDEZ constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

37. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

38. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

39. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

40. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

41. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

42. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights,

subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

43. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IIX. FOURTH CAUSE OF ACTION
**Pursuant to State Law (EXCESSIVE FORCE)**

44. Paragraphs 1 through 43 are hereby re-alleged and incorporated by reference herein.

45. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

46. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

47. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

48. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

49. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

50. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

51. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of

Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

52. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

53. Paragraphs 1 through 52 are hereby re-alleged and incorporated by reference herein.

54. That Defendants intended to cause harmful bodily contact to Plaintiff.

55. That Defendants, in a hostile manner, voluntarily caused Plaintiff's injuries.

56. That Defendants contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

57. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

58. Paragraphs 1 through 57 are hereby re-alleged and incorporated by reference herein.

59. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

60. That the criminal matter against Plaintiff was terminated in his favor.

61. That there was no probable cause for the arrest and criminal proceeding.

62. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of

Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

63. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

64. Paragraphs 1 through 63 are hereby re-alleged and incorporated by reference herein.

65. That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

66. That the criminal matter has been dismissed in Plaintiff's favor.

67. That there was no probable cause for the arrest and criminal proceeding.

68. Defendants knew or should have known that there was no likelihood of a conviction of Plaintiff.

69. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

70. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic

damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

71. Paragraphs 1 through 70 are hereby re-alleged and incorporated by reference herein.

72. That at all times, all Defendants were acting within the scope of their employment.

73. That Defendant CITY was able to exercise control over Defendant Officers' activities.

74. That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

75. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from November 3, 2012; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
April 14, 2014

Yours, etc.

_____
JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

## **ATTORNEY'S VERIFICATION**

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, RAMONE BRANKER.  I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:    New York, New York
          April 14, 2014

_____
JUSTIN M. ROPER, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMONE BRANKER,

           **Plaintiff,**

 – against –

CITY OF NEW YORK,
POLICE OFFICER WILLIAM SANCHEZ,
POLICE OFFICER RONNY VALDEZ,
POLICE OFFICER JOHN DOE(S) #'s 1-2,

           **Defendants.**

**SUMMONS & VERIFIED COMPLAINT**

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**RAMONE BRANKER**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.